THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUAIL CORNER, LLC, | § § § § § § § § § § § | |
| *Plaintiff,* | | |
| vs. | | |
| | | CIVIL ACTION NO. 4:19-cv-2539 |
| ARCH SPECIALTY INSURANCE COMPANY, | | |
| *Defendant.* | | |

### DEFENDANT ARCH SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Arch Specialty Insurance Company ("Arch"), hereby removes the action styled and numbered *Quail Corner, LLC v. Arch Specialty Ins. Co.*, Cause No. 201939239, pending in the 129th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.  THE STATE COURT ACTION

1. On June 6, 2019, Plaintiff Quail Corner, LLC ("Plaintiff") filed its Original Petition in the 129th District Court of Harris County, Texas—Cause No. 201939239 against Arch. Plaintiff requested a jury trial.[1]

### II.  DEFENDANT ARCH'S REMOVAL IS TIMELY

2. Arch was served with the Original Petition and citation on June 24, 2019 by delivery through its registered agent for service of process, Corporation Service Company. Accordingly, Arch files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

---

[1]  *See* Plaintiff's Original Petition, attached as **Exhibit C**.

**DEFENDANT ARCH SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL**   **PAGE 1**

### III.     VENUE IS PROPER

3.      Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. §§ 124(d)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

### IV.     BASIS FOR REMOVAL

4.      Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332.  Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Arch, and the amount in controversy exceeds $75,000 excluding interest and costs.

5.      Plaintiff was at the time this lawsuit was filed, and at the date of this Notice remains, organized under the laws of the State of Texas with its principal place of business in Houston, Texas.  Thus, Plaintiff is a citizen of the State of Texas.

6.      Arch was at the time this lawsuit was filed, and at the date of this Notice remains, a foreign corporation organized under the laws of Missouri, with its principal place of business in New Jersey. Thus, Arch is a citizen of Missouri and New Jersey for purposes of diversity jurisdiction.

7.      Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Arch.

### V.     AMOUNT IN CONTROVERSY

8.      If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, Arch's burden is satisfied.[2]

---

[2]     *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

9.   When removal is premised upon diversity jurisdiction and the parties' dispute whether the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of" the claims in the state court petition as they existed at the time of removal."[3]

10.  The district court must first examine the petition to determine whether it is "facially apparent" that the claims exceed the minimum jurisdictional requirement. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[4] Courts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden.[5]

11.  Plaintiff seeks monetary relief of over $1,000,000.[6]

12.  Thus, Plaintiff's claims exceed the minimum jurisdictional requirement of $75,000.00. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## VI.   COMPLIANCE WITH 28 U.S.C. § 1446

13.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of 129th District Court of Harris County, Texas.

14.  All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

---

[3]  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[4]  *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[5]  *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254-55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008).

[6]  *See Plaintiff's Original Petition, attached as **Exhibit C***.

15. In compliance with Local Rule 81, the following documents are attached:

   A. Index of Matters Being Filed with Notice of Removal—identified as Exhibit A;

   B. All executed process in the case—identified as Exhibit B;

   C. Plaintiff's Original Petition—identified as Exhibit C;

   D. a copy of the docket sheet in the state court action—identified as Exhibit D;

   E. A list of all counsel of record, including addresses, telephone numbers and parties represented—identified as Exhibit E.

## VII.   JURY DEMAND

Plaintiff demanded a jury trial in its Original Petition.

## VIII.   CONCLUSION

WHEREFORE, Defendant Arch Specialty Insurance Company requests that this action be removed from the 129th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Kristin C. Cummings*
Kristin C. Cummings
Texas Bar No. 24049828
Southern District Bar No. 719639
kcummings@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:   (214) 742-3000
Facsimile:   (214) 760-8994
**ATTORNEY-IN-CHARGE FOR DEFENDANT ARCH SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served this 15th day of July, 2019, in accordance with the Federal Rules of Civil Procedure, by electronic filing as follows:

Noah M. Wexler
Texas Bar No. 24060816
nwexler@arnolditkin.com
Ronald Christensen
Texas Bar No. 24101222
rchristensen@arnolditkin.com
Jake Balser
Texas Bar No. 24109155
jbalser@arnolditkin.com
Jacob Karam
Texas Bar No. 24105653
jkaram@arnolditkin.com
Adam Lewis
Texas Bar No. 24094099
alewis@arnolditkin.com
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, Texas 77007
Telephone:   (713) 222-3800
Facsimile:   (713) 222-3850
**ATTORNEYS FOR PLAINTIFF**

                                                */s/ Kristin C. Cummings*
                                                  Kristin C. Cummings